**[Cite as *State v. Line*, 2022-Ohio-857.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-21 |
| | : | |
| DUSTIN E. LINE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of March, 2022.

. . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, 5th Floor, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Dustin E. Line appeals from a judgment of the Miami County Court of Common Pleas, which imposed a maximum 18-month prison term following his conviction on one count of attempted gross sexual imposition. For the reasons outlined below, the sentence of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} On January 27, 2021, the Miami County Grand Jury indicted Line on one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The charge arose from an incident involving Line's four-year-old daughter.

{¶ 3} On July 7, 2021, Line entered into a negotiated plea agreement with the State whereby he agreed to plead guilty to a reduced charge of one count of attempted gross sexual imposition, in violation of R.C. 2907.05(A)(4) and 2923.02(A), a fourth-degree felony. In exchange for his guilty plea, the State agreed to dismiss the indicted offense with no agreement on sentencing. After discussing the plea agreement with both parties, the trial court accepted Line's guilty plea and found him guilty of attempted gross sexual imposition. The trial court ordered a presentence investigation report and scheduled the matter for sentencing.

{¶ 4} At the August 16, 2021 sentencing hearing, the trial court noted its consideration of the presentence investigation report and heard statements from the prosecutor, defense counsel, and Line. The trial court ordered Line to serve an 18-month prison sentence, classified him as a Tier II sex offender, and advised Line that he would serve a mandatory period of five years of post-release control after his release from prison. The trial court's judgment was memorialized in an August 18, 2021 judgment

entry.

{¶ 5} Line now appeals from his conviction.

## II. Line's Sentence is Not Contrary to Law

{¶ 6} Line's sole assignment of error states that:

The Trial Court Failed to Adequately Consider the Sentencing Statutes Pursuant to ORC §2929.11-2929.12, Abusing its Discretion in Sentencing Appellant.

{¶ 7} Line contends that the trial court abused its discretion in imposing a maximum prison term. According to Line, the trial court failed to correctly weigh the purposes and principles of felony sentencing, as defined in R.C. 2929.11, and the seriousness and recidivism factors, as defined in R.C. 2929.12, and failed to consider his proposed mitigating circumstances. Line concludes that we should vacate the trial court's sentence based on our own review of the record and remand this matter for resentencing.

{¶ 8} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 9} In *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42, the Ohio Supreme Court clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute [our]

judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Therefore, in consideration of *Jones*, "when reviewing a felony sentence that is imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 10} Line faced a sentence of 6 to 18 months in prison for attempted gross sexual imposition as a felony of the fourth degree. Line's 18-month sentence was within the statutory sentencing range for that offense. In imposing sentence, the record reflects that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12. The trial court found that Line's conduct was more serious than conduct normally committed by another person, because he was in a position of trust with the victim and the victim's age exacerbated the offense. The trial court further noted that although Line did not have a juvenile criminal history, his prior adult criminal history included a felony conviction for which he had recently served a prison term. Line also had a history of misdemeanor offenses that the trial court noted indicated that his conduct seemed to be getting worse rather than getting better. While the trial court credited Line with acknowledging he had a drug problem, the trial court also noted that he used the drugs as an excuse for abusing

his own minor daughter whom he was supposed to protect. Ultimately, the trial court found that imposing a community control sanction would demean the seriousness of the offense and that Line was not amenable to community control sanctions. Sentencing Tr. 5-8.

{¶ 11} The trial court complied with its obligation to consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. Accordingly, we conclude that Line's sentence was not contrary to law. Therefore, his assignment of error is overruled.

## III.    Conclusion

{¶ 12} Line's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, P. J. and EPLEY, J., concur.


Copies sent to:

Matthew C. Joseph
Thomas M. Kollin
Hon. Stacy M. Wall