[Cite as *State v. Spaulding*, 2022-Ohio-1784.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-55 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-86(B) |
| | : | |
| SCOTT SPAULDING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 1717 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Scott Spaulding appeals from his conviction following a no-contest plea to one count of robbery, a third-degree felony.

{¶ 2} Spaulding challenges the trial court's imposition of a 36-month prison sentence. He claims the sentence was "unduly harsh" and inconsistent with the purposes of felony sentencing in R.C. 2929.11 as well as the sentencing factors in R.C. 2929.12. Under Ohio law, however, we may not reevaluate the evidence and conduct the independent sentencing review that Spaulding seeks. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3}   A grand jury indicted Spaulding on charges of robbery, a second-degree felony, and aggravated robbery, a first-degree felony, with firearm specifications. The charges stemmed from his participation along with two other individuals in an attempt to steal a truck from an elderly man. Following a competency challenge, Spaulding ultimately was found competent to stand trial. He later pled no-contest to an amended charge of robbery as a third-degree felony in exchange for dismissal of all other charges and specifications. Following a presentence investigation, the trial court imposed a 36-month prison sentence, which was the statutory maximum.

## II. Analysis

{¶ 4}   In his sole assignment of error, Spaulding contends the trial court erred in imposing a 36-month prison term. He maintains that his sentence was inconsistent with the purposes of felony sentencing in R.C. 2929.11. He also claims that a proper

application of the seriousness and recidivism factors in R.C. 2929.12 does not support his sentence. In particular, Spaulding asserts that he was not the "main" perpetrator of the crime, that he suffers from intellectual disabilities, that he is not a threat to the community (as evidenced by a moderate risk-assessment score), and that he has no criminal history other than driving without a license. For these reasons, Spaulding argues that his sentence was "unduly harsh," and he asks us to reverse and remand for resentencing.

{¶ 5} When reviewing felony sentences, appellate courts must apply the standards found in R.C. 2953.08(G)(2). Under that statute, we may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if we clearly and convincingly find that the record does not support certain specified findings or that the sentence is contrary to law. A trial court's seriousness and recidivism findings are not among the specified findings subject to appellate review under R.C. 2953.08(G)(2).

{¶ 6} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 9, the Ohio Supreme Court clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Therefore, when reviewing a sentence imposed based solely on consideration of those statutes, we may not analyze whether the record supports the sentence. The only issue is whether the sentence is contrary to law. *State v. Line*, 2d Dist. Miami No. 2021-CA-24, 2022-Ohio-857, ¶ 9, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it

does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 7} Here Spaulding's 36-month prison sentence was within the statutory range for a third-degree felony. In addition, the trial court's judgment entry states that "[t]he court considered the PSI, record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." October 26, 2021 Judgment Entry at 1. Therefore, Spaulding's sentence is not contrary to law.

{¶ 8} In short, the trial court examined the record and concluded that a 36-month prison term was consistent with the purposes of felony sentencing and was appropriate in light of the statutory seriousness and recidivism factors. *Jones* precludes us from independently weighing the evidence and substituting our judgment for the trial court's regarding a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. Accordingly, we overrule Spaulding's assignment of error.

### III. Conclusion

{¶ 9}   The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Adam J. Arnold
Hon. Douglas M. Rastatter