[Cite as *State v. Martin*, 2022-Ohio-1879.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-58 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-234 |
| | : | |
| JOSHUA B. MARTIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Joshua B. Martin appeals from his conviction following a guilty plea to one count of discharging a firearm on or near a prohibited premises, a third-degree felony.

{¶ 2} Martin challenges the trial court's imposition of a 36-month prison sentence. He claims the trial court's "seriousness" and "recidivism" sentencing findings under R.C. 2929.12 are not supported by the record. Under Ohio law, however, we may not reevaluate the evidence and conduct an independent review of those findings. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3}  A grand jury indicted Martin on the above-referenced charge along with a firearm specification. The charge stemmed from his act of leaning out of a car window and discharging a firearm over a roadway. Martin pled guilty to the firearm charge in exchange for dismissal of the specification. Following a presentence investigation, the trial court imposed a 36-month prison sentence, which was the statutory maximum.

## II. Analysis

{¶ 4} In his sole assignment of error, Martin contends the trial court erred in imposing a 36-month prison term. He challenges the trial court's application of the seriousness and recidivism factors in R.C. 2929.12. He claims a proper analysis of those factors does not support a maximum prison term. Martin asserts that he was responding to someone shooting at him. Among other things, he also cites his remorse, lack of a criminal record, relative youth, and steps he has taken toward rehabilitation.

{¶ 5} When reviewing felony sentences, appellate courts must apply the standards

found in R.C. 2953.08(G)(2). Under that statute, we may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if we clearly and convincingly find that the record does not support certain specified findings or that the sentence is contrary to law. A trial court's seriousness and recidivism findings are not among the specified findings subject to appellate review under R.C. 2953.08(G)(2).

{¶ 6} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 9, the Ohio Supreme Court clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Therefore, when reviewing a sentence imposed based solely on consideration of those statutes, we may not analyze whether the record supports the sentence. The only issue is whether the sentence is contrary to law. *State v. Line*, 2d Dist. Miami No. 2021-CA-24, 2022-Ohio-857, ¶ 9, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 7} Here Martin's 36-month prison sentence is not contrary to law. The sentence is within the statutory range for a third-degree felony. In addition, the trial court's judgment entry demonstrates that it satisfied its obligation to consider the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C.

2929.12. November 3, 2021 Judgment Entry at 1. The trial court also explicitly addressed the seriousness and recidivism factors at sentencing. Although it was not required to do so, it made findings on several of them. November 2, 2021 Sentencing Tr. at 8-13. The trial court noted 19-year-old Martin's extensive juvenile record, seven prior violations of probation, and the fact that the shooting resulting in bullets striking a residence and a vehicle. The trial court also saw no genuine remorse and cited Martin's high risk-assessment score, which it found to be "quite a feat for someone so young." *Id.* at 13.

{¶ 8} In short, the trial court examined the record and concluded that a 36-month prison term was consistent with the purposes of felony sentencing and was appropriate in light of the statutory seriousness and recidivism factors. *Jones* precludes us from independently weighing the evidence and substituting our judgment for the trial court's regarding a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. Accordingly, we overrule Martin's assignment of error.

### III. Conclusion

{¶ 9}   The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Charles W. Slicer, III
Hon. Richard J. O'Neill