[Cite as *State v. Frazier*, 2025-Ohio-389.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 24CR5 |
| | : | |
| TIMOTHY E. FRAZIER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 7, 2025

. . . . . . . . . . .

MARY ADELINE R. LEWIS, Attorney for Appellant

MATTHEW C. JOSEPH, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Timothy E. Frazier appeals from his conviction, arguing that the trial court erred in failing to merge his forgery, identity fraud, and grand theft offenses, which related to the same victim, for sentencing. Because Frazier did not object in the trial court and there are insufficient facts in the record to determine whether

Frazier's offenses were committed with the same conduct, animus and import, we cannot say that any error in failing to merge the offenses constituted plain error. We will affirm the judgment of the trial court.

## I. Background Facts and Procedural History

{¶ 2} Frazier was charged in a four-count indictment with one count of identity fraud in violation of R.C. 2913.49(B)(1), a felony of the second degree; two counts of forgery in violation of R.C. 2913.31(A)(3), felonies of the fourth degree; and one count of grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. The charges arose from Frazier's forging bank withdrawal slips in the names of two separate victims. The identity fraud, one count of forgery, and the grand theft charges involved one victim, and the second forgery involved another. Pursuant to a plea agreement, Frazier pleaded guilty to all charges, and the State agreed to reduce the identity fraud charge from a felony of the second degree to a felony of the third degree.

{¶ 3} The issue before us concerns the charges involving the first victim. On or about January 2, 2024, officers were dispatched to a Fifth Third Bank in response to a fraud complaint. The responding officer met with a representative of the bank, who provided the officer with an interim paper Ohio driver's license in the name of the victim and two withdrawal slips purportedly signed by the victim to be drawn from the victim's account. One withdrawal slip was in the amount of $4,200 and the other was for $3,500, with a note requesting cashier's checks. The bank representative informed the officer that the account number on the withdrawal slips and the name on the identification corresponded to the victim's account, but that the person (Frazier) who presented the

identification and withdrawal slips to the bank was not the account owner.

{¶ 4} At the sentencing hearing, Frazier's attorney sought to have the charges for identity fraud and one count of forgery (which involved the first victim) merged, arguing that the identity fraud and forgery concerned the same victim, arose from the same transaction or occurrence, and involved the same animus. At that time, Frazier did not explicitly seek to have the grand theft count also merged. The State did not object to Frazier's merger request, conceding that the identity fraud and forgery consisted of one act concerning the same victim.

{¶ 5} The trial court merged the identity fraud and one count of forgery as requested. Frazier did not raise any objection regarding the court's failure to merge the grand theft charge with the other two charges. He was sentenced to 24 months on the first forgery charge, to run concurrently with 12 months on the second forgery charge and 12 months on the grand theft charge. This appeal followed.

## II.     Assignment of Error

{¶ 6} Frazier's sole assignment of error states:

THE APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE COURT FAILED TO MERGE HIS FORGERY, IDENTITY FRAUD, AND GRAND THEFT COUNTS IN FINAL DISPOSITION.

{¶ 7} The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for the same criminal conduct. *State v. Ruff*, 2015-Ohio-995, ¶ 10. When a defendant's conduct supports multiple offenses, courts conduct an allied offenses analysis to determine if the charges merge or if the defendant may be

convicted of separate crimes. This process is governed by R.C. 2941.25, which states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

"At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *State v. Ruff*, 2015-Ohio-995, ¶ 26.

{¶ 8} "In determining whether offenses are allied and should be merged for sentencing, courts are instructed to consider three distinct factors: the conduct, the animus, and the import." *State v. Hess*, 2023-Ohio-3658, ¶ 9 (2d Dist.), citing *Ruff* at paragraph one of the syllabus. "Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if any of the following are true: '(1) the conduct constitutes offenses of dissimilar import; (2) the conduct shows that the offenses were committed separately; or (3) the conduct shows that the offenses were committed with separate animus.' " *Id.,* citing *Ruff* at paragraph three of the syllabus and ¶ 25; *see also State v. Henry*, 2018-Ohio-1128, ¶ 75 (10th Dist.), quoting *Ruff* at ¶ 25; *State v. Dean*, 2018-Ohio-1317, ¶ 60 (2d Dist.), citing *State v. Earley*, 2015-Ohio-4615, ¶ 12,

quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Dean* at ¶ 61, quoting *Ruff* at ¶ 23.

{¶ 9} "The defendant bears the burden of establishing that offenses should be merged as allied offenses." *State v. Frazier*, 2021-Ohio-4155, ¶ 20 (2d Dist.), citing *State v. Albertson*, 2021-Ohio-2125, ¶ 95 (2d Dist.). An appellate court generally applies a de novo standard of review when considering a trial court's merger determination. *Hess* at ¶ 10, citing *State v. Williams*, 2012-Ohio-5699, ¶ 28. However, failure to raise the issue of merger in the trial court forfeits all but plain error, and the error is not reversible unless it affects the outcome of the proceeding and reversal is necessary to correct a manifest injustice. *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Because Frazier did not raise any objection before the trial court regarding the court's failure to merge the grand theft offense, we will apply the plain error standard of review in reviewing his assignment of error.

{¶ 10} Under the doctrine of plain error, "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, 2022-Ohio-4407, ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice"). In particular, a trial court's failure to merge offenses "does not automatically constitute plain error." *Hess* at ¶ 11, citing *Bailey*. To prevail under the doctrine, Frazier must demonstrate that "an

error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." *Bailey* at ¶ 8, quoting *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *Rogers* at ¶ 22; *see also State v. Wilks*, 2018-Ohio-1562, ¶ 52. In *Bailey*, the Supreme Court declared that, "[a]lthough determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions." *Id.* at ¶ 11.

{¶ 11} Frazier was charged with identity fraud, forgery, and grand theft for the crimes that he perpetrated against his first victim. R.C. 2913.31(A)(3) defines forgery to have occurred when a person, with purpose to defraud, "[u]tter[s], or possess[es] with purpose to utter, any writing that the person knows to have been forged." "Utter" means to issue, publish, transfer, use, put or send into circulation, deliver, or display. R.C. 2913.01(H). A person commits a theft by knowingly obtaining or exerting control over the property of another with purpose to deprive the owner of the property by deception. R.C. 2913.02(A)(3).

{¶ 12} In his assignment of error, Frazier contends that the trial court erred by failing to merge the grand theft charge with the identity fraud and forgery counts. He argues that the grand theft charge should have merged for the same reasons that the identity fraud and forgery charges merged, namely that all three counts involved the same victim, were of similar import, caused a single incident of harm, and were committed simultaneously with a single animus.

{¶ 13} In support of his argument, Frazier relies on *State v. Malone*, 2016-Ohio-

3543 (4th Dist.). In *Malone*, the defendant stole several checks from the victim, forged more than 50 of the checks, and stole more than $83,000. *Id.* at ¶ 4. Following a jury trial, the defendant was found guilty of theft from an elderly person, forgery, and receiving stolen property. *Id.* at ¶ 1. At sentencing, a debate occurred over which counts should merge, and the trial court decided that the receiving stolen property count would not merge with either forgery count. *Id.* at ¶ 7. The defendant was sentenced to serve a four-year prison term and a seven-year prison term on the two forgery counts, to be served consecutively, and to serve an 18-month sentence for receiving stolen property to be served concurrently with one of the forgery counts. *Id.* The defendant appealed, arguing that, among other things, the trial court should have concluded that the receiving stolen property offense merged with one or both of the two forgery offenses. *Id.* at ¶ 16.

{¶ 14} The Fourth District agreed with the defendant and determined that "uttering and receiving stolen property in this context are not dissimilar offenses." *Id.* at ¶ 18. The court reasoned that: the forgery and receiving stolen property offenses involved the same victim; the "harm" occurred when the funds were removed from the victim's account as a result of the cashed checks; *the offenses were not committed separately because the defendant converted the property stolen from the victim (the checks) from one form of property to another (the cash from cashing the checks)*; and the animus was always the same--i.e. to steal from the victim and to use the money for his own benefit. *Id.* at ¶ 18-20. The court concluded that uttering a forged check and receiving stolen property by cashing that check constituted allied offenses of similar import, which should have merged. *Id.* at ¶ 20.

{¶ 15} Based on the reasoning in *Malone*, Frazier contends that the trial court in this case erred by failing to merge the grand theft count with the identity theft and forgery counts because all three counts involved one victim and one single transaction, resulting in offenses of similar import that did not cause separate, identifiable harm. He further argues that each offense was committed concurrently without separate action, that without the actions of one offense, the others would not have existed, and that the motivation for all three offenses had been the same--i.e. to steal funds from the victim's account.

{¶ 16} However, the record contains little information about the facts surrounding Frazier's crimes. The indictment provided that Frazier perpetrated identity fraud, forgery, and grand theft on his first victim on or about January 2, 2024, when the bank contacted the police with a fraud complaint. The police report stated that Frazier sought to withdraw money from the victim's bank account using forged withdrawal slips. By pleading guilty to the charges pursuant to a plea agreement, Frazier effectively admitted that he had committed the theft by forging the name of the victim on separate withdrawal slips and then seeking cashier's checks drawn from the victim's account to steal the money. Unlike the defendant in *Malone*, Frazier did not steal checks from the victim and then convert the stolen checks into stolen cash.

{¶ 17} Because the record in this case demonstrates that Frazier forged two withdrawal slips and then sought cashier's checks drawn from the victim's account on or around the same date at the same bank, we cannot say that the facts automatically established that his offenses, including the grand theft offense, had been committed

separately or with separate animus. It is possible that Frazier presented the two separate forged withdrawal slips and requests for cashier's checks to the exact same bank on the same date at the exact same time. However, it is also entirely possible that Frazier presented the withdrawal slips to the bank at different times and even on different dates.

{¶ 18} Because we cannot determine whether the offenses were committed with the same conduct, animus and import from the record before us, we cannot conclude that any error in failing to merge the counts in this case constituted plain error. Accordingly, Frazier's sole assignment of error is overruled.

### III. Conclusion

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.