**[Cite as *State v. Davis*, 2025-Ohio-1676.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-760 |
| | : | |
| JOSEPH MATTHEW DAVIS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 9, 2025

. . . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Joseph Matthew Davis appeals from his conviction for felonious assault, discharge of a firearm on or near prohibited premises, and tampering with evidence following his guilty plea. In support of his appeal, Davis claims that his trial counsel was ineffective because he did not file a motion to dismiss for a speedy trial

violation or object to the admission of certain evidence during sentencing. However, Davis's speedy trial time had not been exhausted, and the rules of evidence did not apply to his sentencing hearing. Davis also contends that the trial court erred in not merging the offenses of felonious assault and discharge of a firearm, but the felonious assault required harm to a particular person while his act of firing a handgun across the roadway toward a nearby house placed numerous people at risk and harmed the public at large.   Thus, the offenses should not have been merged. We affirm the judgment of the trial court.

## I.      Background Facts and Procedural History

{¶ 2} On November 6, 2023, Springfield Police Division officers were dispatched to an address on South Limestone Street following a report of a person being shot. Upon their arrival, the victim was found at the reported address suffering from a gunshot wound. The victim had called the police herself to report that Davis had shot her, and she described him to the police as her boyfriend with whom she was attempting to break up. According to the victim, she and Davis had been travelling in a vehicle together, and he shot her in the back when she attempted to escape from the vehicle and run away from him. Officers located Davis attempting to flee the scene on foot through an alley and apprehended him. Witnesses at the scene described hearing gunshots and seeing the victim running from Davis after having been shot by him. A residence was also struck by gunfire when Davis pursued the victim and shot at her as she attempted to run away.

{¶ 3} Davis was arrested pursuant to a warrant on November 14, 2023.   He was indicted the next day on the following charges: count one - attempted murder in violation of R.C. 2923.02(A); count two - felonious assault in violation of R.C. 2903.11(A)(2); count

three - discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3); count four - improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1); count five - improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(2); and count six - tampering with evidence in violation of R.C. 2921.12 (A)(1). Counts one through four contained firearm specifications. On November 15, 2023, Davis pled not guilty and informed the trial court that he wanted to secure private counsel. The court then set a scheduling conference for November 27.

{¶ 4} On November 27, the scheduling conference proceeded; Davis appeared without counsel and informed that trial court that he desired appointed counsel. Trial was set for January 23, 2024. On December 4, Davis's appointed counsel made an appearance and filed a demand for discovery and a bill of particulars. Discovery was provided to Davis on December 5, 2023, but the record is unclear with respect to when the bill of particulars was provided to the defense.

{¶ 5} On January 9, 2024, defense counsel filed a motion suggesting Davis was incompetent to stand trial and, on January 25, the trial court ordered a competency evaluation. On February 15, 2024, a hearing was held concerning Davis's competency, during which the trial court found that Davis was competent to stand trial; the court journalized its entry on February 21, 2024. Davis's trial was then rescheduled for March 11, 2024.

{¶ 6} On March 5, 2024, the State filed a motion to continue the March 11 trial due to the anticipated absence of a necessary witness (the detective assigned to the case, who was on paternity leave). The trial court granted the State's request and rescheduled

Davis's trial for April 30, 2024.

{¶ 7} On April 24, 2024, Davis pleaded guilty to felonious assault with a firearm specification, a felony of the second degree; improper discharge of a firearm on or near prohibited premises, a felony of the first degree; and tampering with evidence, a felony of the third degree. Pursuant to the plea agreement, the State agreed to dismiss the remaining charges and specifications against him.

{¶ 8} On May 17, 2024, before Davis's allocution at the sentencing hearing, the State played a 9-1-1 call and presented photographs showing bullet casings and bullet holes in the victim's vehicle and a nearby house. The State offered this evidence to refute Davis's version of events that he had been intoxicated, that he had made a huge mistake, and that the gun had gone off accidentally in the vehicle; the 9-1-1 call and photographs indicated that Davis had shot his gun several times while pursuing the victim, penetrating the vehicle and a nearby house. Davis was ultimately to a total of 16 to 18.5 years in prison. This appeal followed.

## II. Assignments of Error

{¶ 9} Davis's first assignment of error states:

Counsel was ineffective for failing to file a motion to dismiss for a speedy trial violation.

{¶ 10} In this first assignment of error, Davis claims that his trial counsel was ineffective in failing to move for dismissal on speedy trial grounds. According to Davis, the State's March 5, 2024, continuance request (six days before trial) due to unavailability of a witness did not address the importance of the witness, and the length of time granted

for the continuance was unreasonable. He therefore argues that his counsel was ineffective for not filing a motion to dismiss at that time, as his speedy trial rights had been violated.

{¶ 11} We review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Leonard*, 2017-Ohio-8421, ¶ 10 (2d Dist.), citing *Strickland* at 688. "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." (Citations omitted.) *Id.* at ¶ 11.

{¶ 12} "The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution." *State v. Kendall*, 2025-Ohio-10, ¶ 9 (2d Dist.). R.C. 2945.71, Ohio's speedy trial statute, "was implemented to incorporate the constitutional protection of the right to a speedy trial" and sets forth the time requirements for the government to bring an accused to trial. *Id.* at ¶ 9-10, quoting *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996). The statute provides that, in general, a defendant who is charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). However, under the "triple count provision" set forth in R.C. 2945.71(E), each day an accused is held in custody in lieu of bail on the

pending charge counts as three days for purposes of computing the speedy trial timeframe, and thus an accused who is held in custody shall be brought to trial within 90 days after his arrest.

{¶ 13} A person who is charged with a felony but not brought to trial within the time required by R.C. 2945.71 and R.C. 2945.72, is eligible for release from detention upon motion before the commencement of trial. R.C. 2945.73(C)(1) and (C)(2). R.C. 2945.72, however, sets forth several circumstances under which a defendant's speedy trial time may be extended. A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Harris*, 2023-Ohio-648, ¶ 13 (2d Dist.), citing *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged." *Gray* at ¶ 15, citing R.C. 2945.73.

{¶ 14} When reviewing a speedy trial issue, we must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71. *State v. Riley*, 2005-Ohio-4337, ¶ 19 (12th Dist.), citing *State v. DePue*, 96 Ohio App.3d 513, 516 (4th Dist. 1994). Our review of a speedy trial issue involves a mixed question of law and fact. In this case, we find that R.C. 2945.72(B), (C), (E), and (H) are relevant to Davis's claim.

{¶ 15} As Davis was arrested on November 14, 2023, and remained in jail throughout the trial court proceedings, the triple count provision of R.C. 2945.71(E)

applied. At the time that Davis entered his guilty plea, 162 days had elapsed—72 days more than the 90 days permitted by R.C. 2945.71(E). However, certain portions of this time period were tolled because the time was chargeable to Davis.

{¶ 16} "For calculation purposes, speedy-trial time begins running the day after the defendant's arrest." *State v. Williams*, 2022-Ohio-2439, ¶ 40 (6th Dist.), quoting *State v. Parker*, 2020-Ohio-4607, ¶ 61 (6th Dist.). (Other citation omitted.) On November 14, 2023, Davis was arrested, and thus his speedy trial time began running on November 15, the day after his arrest. The record reveals that, when Davis was first arrested and arraigned, he indicated to the trial court that he planned to seek private representation. However, no attorney entered an appearance on his behalf. When Davis next appeared before the trial court on November 27, 2023, he had not retained counsel and informed the court that he desired appointed counsel. R.C. 2945.72(C) provides that an accused's speedy trial time may be delayed by "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law." Thus, on December 4, 2023, when appointed counsel made an appearance on Davis's behalf, the 20 days that had passed between Davis's arrest and the appointment of counsel were properly charged to Davis, and his speedy trial time was appropriately extended.

{¶ 17} When appointed counsel made an appearance on December 4, he filed a demand for discovery and a bill of particulars. Like a motion for continuance, a defendant's demand for discovery and/or a bill of particulars constitutes a tolling event under R.C. 2945.72(E). *State v. Knott,* 2024-Ohio-2289, ¶ 22 (2d Dist.), citing *State v.*

*Brown*, 2002-Ohio-7040, syllabus; *State v. Wilson*, 2020-Ohio-2962, ¶ 29 (2d Dist.); *State v. Bakhshi*, 2014-Ohio-1268, ¶ 36 (2d Dist.). "Such demands toll speedy-trial time for a reasonable period to allow the state an opportunity to respond." *Knott*, citing *State v. Palmer*, 2007-Ohio-374, ¶ 23 and *State v. Marbury*, 2011-Ohio-879, ¶ 12 (2d Dist.). While what is reasonable is determined on a case-by-case basis and depends on the totality of the circumstances, "courts have generally interpreted 30 days to constitute a reasonable period to respond to requests for discovery or a bill of particulars." *Id.*, quoting *State v. Smith*, 2017-Ohio-7864, ¶ 23 (4th Dist.), citing *State v. Shabazz*, 2011-Ohio-2260, ¶ 26 (8th Dist.) and *State v. Ford*, 2009-Ohio-146, ¶ 8-11 (1st Dist.); *see also Palmer* at ¶ 7 (crediting the State with 30 days of the 60 days that had expired between the State's request for reciprocal discovery and the defendant's response); *State v. Belville*, 2022-Ohio-3879, ¶ 21.

{¶ 18} Based on the foregoing, Davis's speedy trial time was again properly extended by defense counsel's demand for discovery and a bill of particulars. Discovery was provided to Davis on December 5, 2023, but it is unclear when the bill of particulars was given to the defense. However, because 30 days has been considered a reasonable time for responding to a request for a bill of particulars, we conclude that the time from December 4, 2023 (date of demand) to January 3, 2024 (30 days later) was also chargeable to Davis under R.C. 2945.72(E).

{¶ 19} Following these tolling periods, Davis's speedy trial time resumed on January 4, 2024, and continued for 6 days until January 9, 2024, when defense counsel filed a motion concerning Davis's competency. R.C. 2945.72(B) provides that the speedy

trial time may be extended during any period where "the accused's mental competence to stand trial is being determined." In Davis's case, this tolling period ran for 43 days from January 10 to February 21, 2024, when the trial court issued its journal entry finding Davis competent to stand trial.

{¶ 20} Davis's speedy trial time then began running again on February 22, 2024, and ran for 13 days until March 5, when the State filed a motion to continue the March 11 trial due to an expected absence of a necessary witness. The trial court granted the State's request and rescheduled Davis's trial for April 30, 2024, 56 days later.

{¶ 21} Pursuant to R.C. 2945.72(H), speedy trial time is tolled for "[t]he period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion." *Knott,* 2024-Ohio-2289, at ¶ 23 (2d Dist.). However, "[w]here a continuance is not based on the defendant's request, it will extend the speedy trial time only if the continuance is reasonable and necessary under the circumstances of the case." *Id.,* quoting *State v. Willis,* 2016-Ohio-616, ¶ 17 (6th Dist.), citing *State v. Saffell,* 35 Ohio St.3d 90, 91 (1988). Thus, continuances that are granted at the State's request must be reasonable to toll the speedy trial time. *Id.,* citing *State v. King,* 70 Ohio St.3d 158, 162 (1994); *State v. Knight,* 2005-Ohio-3179, ¶ 30 (2d Dist.); *State v. Stamps,* 127 Ohio App.3d 219, 224 (1st Dist. 1998). Again, the reasonableness of a continuance must be reviewed on a case-by-case basis and "is determined by examining the purpose and length of the continuance." *Id.* at ¶ 24, citing *State v. Gavin,* 2011-Ohio-4665, ¶ 34 (2d Dist.); *Knight* at ¶ 30, citing *State v. Lee,* 48 Ohio St.2d 208, 210 (1976). If the State's request is not reasonable, the continuance

must be charged against the State for speedy trial purposes. *Id.* at ¶ 23, quoting *Stamps* at 224. Thus, in this case, because the continuance was requested by the State, it only tolled speedy trial time under R.C. 2945.72(H) if it was reasonable.

{¶ 22} "Many courts have concluded that reasonable continuances are appropriate, and may toll the time for speedy trial, in order to accommodate the schedule of a witness or a prosecutor." *Knott* at ¶ 30, citing *State v. Brown*, 2016-Ohio-1453, ¶ 13 (4th Dist.), citing *Saffell* and *State v. Crocker*, 2015-Ohio-2528, ¶ 58. This court has also found that "[t]he unavailability of a witness is a reasonable basis for a continuance under R.C. 2945.72(H)." *Id.*, quoting *State v. Wilson*, 2020-Ohio-2962, ¶ 37 (2d Dist.), citing *State v. Jones*, 2014-Ohio-4605, ¶ 14 (2d Dist.), and *Saffell*. Accordingly, we find the purpose for the State's continuance of accommodating a necessary witness was reasonable.

{¶ 23} As for the length of the continuance, we find that 56 days was reasonable given that the record established that the reason for the continuance was to accommodate the schedule of a detective witness who was on paternity leave from work. Because the purpose and length of the continuance was apparent from the record and reasonable, we find that the continuance properly tolled the speedy trial time under R.C. 2945.72(H); thus no speedy trial time elapsed between March 6 and April 24, 2024, the date of Davis's guilty plea. Therefore, when Davis entered his plea, only 19 speedy trial days had elapsed. This calculation is summarized in the table below.

| Dates | Events | Days Counted |
| --- | --- | --- |
| 11/14/23 | Davis's arrest | 0 |
| 11/15/23-11/27/23 | Davis was in jail and did not yet have counsel; he requested counsel on 11/27/23. | 0 |

| | | |
|---|---|---|
| 11/28/23-12/4/23 | Appointed counsel appeared on 12/4/23. | 0 |
| 12/4/23-1/3/24 | Defense counsel filed demand for discovery and bill of particulars on 12/4/23. Discovery was provided on 12/5/23, but it is unclear when bill of particulars was provided. Reasonable period of 30 days allowed to respond to bill of particulars; time tolled until 1/3/2024. | 0 |
| 1/4/2024-1/9/2024 | Speedy trial time resumed on 1/4/2024. Defense counsel filed a motion concerning Davis's competency on 1/9/2024. | 6 |
| 1/10/2024-2/21/2024 | Speedy trial time tolled pending resolution of Davis's competency determination. Competency hearing was held on 2/15/2024. Journal entry finding Davis competent entered on 2/21/2024. Trial rescheduled for 3/11/2024. | 0 |
| 2/22/2024-3/5/2024 | Speedy trial time resumes. On 3/5/2024, the State filed a motion to continue the trial due to the absence of a key witness at the March 11 trial date, tolling the speedy trial time. | 13 |
| 3/6/24-4/24/2024 | Continuance granted due to absence of a witness. Trial rescheduled for 4/30/2024. Davis entered guilty plea on 4/24/2024 | 0 |
| | | (Total 19 days) |

**{¶ 24}** However, even if we had found that the State's request for a continuance was not reasonable in purpose or length, and thus failed to toll the speedy trial time, the continuance granted by the trial court to accommodate the absent witness from March 5, 2024, to April 24, 2024, totaling 56 days, brought the total speedy trial time to 75 days, which was still within the 90-day requirement. Thus, we conclude that, in Davis's case, at a minimum, 19 speedy trial days were exhausted, and at a maximum, 75 were exhausted,

both of which were within the 90-day requirement.

{¶ 25} As Davis's speedy trial time was tolled pursuant to R.C. 2945.72(B), (C), (E), and (H), and the time was chargeable to him, we conclude that his speedy trial time, as required under R.C. 2945.71, had not elapsed at the time of his guilty plea. He therefore cannot establish that he was prejudiced by his trial counsel's decision not to file a motion to dismiss for a speedy trial violation, as the filing of such a motion would have been futile. Accordingly, we also cannot say that defense counsel acted deficiently when he failed to make a motion prior to Davis's plea for dismissal of the charges against Davis. Davis's first assignment of error is overruled.

{¶ 26} Davis's second assignment of error states:

Counsel was ineffective for not objecting to the unauthenticated evidence

that was presented at disposition.

{¶ 27} In his second assignment of error, Davis contends that his trial counsel was ineffective because he did not object to the State's use of an unauthenticated 9-1-1 call, unauthenticated photographs of the alleged scene, and testimonial evidence at disposition. We disagree.

{¶ 28} "When a claim of ineffective assistance of counsel is based on counsel's failure to file an objection or file a motion, the appellant must demonstrate that the objection or motion had a reasonable probability of success." *State v. Jones*, 2019-Ohio-2134, ¶ 52 (10th Dist.), citing *State v. Johns*, 2011-Ohio-6823, ¶ 25 (10th Dist.), citing *State v. McClellan,* 2010-Ohio-314, ¶ 62 (3d Dist.) (objection) and *State v. Adkins,* 2005-Ohio-2577 ¶ 14 (4th Dist.) (motion). "If the objection or motion would not have been

successful, then the appellant cannot prevail on an ineffective assistance claim." *Id.*, citing *Johns*, citing *State v. Barbour,* 2008-Ohio-2291, ¶ 14 (10th Dist.).

**{¶ 29}** The State offered the evidence to which Davis objects at sentencing to refute Davis's version of events. We note that the Rules of Evidence do not apply to sentencing proceedings. Evid.R. 101(D)(3). Thus, even if defense counsel had objected to the admission of the evidence, the objection should have been overruled under Evid.R. 101(D)(3). Moreover, this evidence was submitted before Davis's allocution, and thus he was afforded the opportunity to rebut it. Therefore, because we cannot say that an objection to the unauthenticated evidence presented at sentencing had a reasonable probability of success, we also cannot say that Davis's counsel was ineffective. Davis's second assignment of error is overruled.

**{¶ 30}** Davis's third assignment of error states:

The Court erred when it did not merge the felonious assault and the discharge of a firearm.

**{¶ 31}** In his third assignment of error, Davis asserts that the offenses to which he pleaded guilty occurred on the same day, during the same incident, and with the same victim. Thus, he contends that the felonious assault charge and the discharge of a firearm charge should have merged. We disagree.

**{¶ 32}** When a defendant's conduct supports multiple offenses, courts conduct an allied offenses analysis to determine if the charges merge or if the defendant may be convicted of separate crimes. This process is governed by R.C. 2941.25. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25

focuses on the defendant's conduct." *State v. Ruff*, 2015-Ohio-995, ¶ 26.

{¶ 33} R.C. 2941.25 "protects a defendant from receiving multiple punishments for 'a single criminal act.' " *State v. Malone*, 2016-Ohio-3543, ¶ 14 (4th Dist.), citing *State v. Washington,* 2013-Ohio-4982, ¶ 18; *State v. Williams,* 2012-Ohio-5699, ¶ 13. "A defendant may be convicted and sentenced for multiple offenses when: '(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.' " *State v. Henry*, 2018-Ohio-1128, ¶ 75 (10th Dist.), quoting *Ruff* at ¶ 25; *see, also, State v. Dean*, 2018-Ohio-1317, ¶ 60 (2d Dist.), citing *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *Ruff* at ¶ 31. "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Dean* at ¶ 61, quoting *Ruff* at ¶ 23.

{¶ 34} "The defendant bears the burden of establishing that offenses should be merged as allied offenses." *State v. Frazier*, 2021-Ohio-4155, ¶ 20 (2d Dist.), citing *State v. Albertson*, 2021-Ohio-2125, ¶ 95 (2d Dist.). We review a trial court's R.C. 2941.25 determination de novo*. Williams* at ¶ 12.

{¶ 35} Davis was convicted and sentenced on one count of felonious assault under R.C. 2903.11(A)(2) for shooting his girlfriend. He was also convicted and sentenced on one count of improperly discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), which provides: "No person shall do any of the following: . . . Discharge a firearm upon or over a public road or highway." During disposition, defense

counsel asked the trial court to merge the two charges, but the trial court refused to do so. In denying Davis's request, the trial court reasoned that, due to Davis's firing of multiple gunshots that not only struck the victim but also struck a residence occupied by others, the two charges would not merge.

{¶ 36} At the outset, we agree that Davis committed the offenses of felonious assault and discharging a firearm on or near prohibited premises with the same conduct and the same animus. The record reflects that Davis fired multiple shots with the singular motivation of assaulting his girlfriend. However, we cannot say that the trial court erred by refusing to merge the two offenses because we find no reasonable probability that they were of similar import or significance.

{¶ 37} In *State v. Williams*, we noted that the Supreme Court of Ohio has recognized that merger is not required if offenses "are not alike in their significance and their resulting harm." *State v. Williams*, 2018-Ohio-1647, ¶ 23 (2d Dist.), quoting *Ruff* at ¶ 21. We further opined that "[t]he victim of the offense of discharging a firearm upon or over a public road or highway is the public. This is because it is the act itself that is prohibited. The offense can be completed with no one remotely near the location where the firearm is discharged upon or over the public road or highway. R.C. 2923.162(A)(3) is a statute intended to benefit the public good[.]" *Williams* at ¶ 24, quoting *State v. James*, 2015-Ohio-4987, ¶ 33 (8th Dist.); *see, also, State v. Carzelle*, 2018-Ohio-92 (8th Dist.) (applying *James*). In other words, "where a defendant's conduct places more than one person at risk, that conduct can support multiple convictions because the offenses are of dissimilar import." *Id.*, citing *Ruff* at ¶ 23. Davis shot across the roadway and into a house

where persons were present.

**{¶ 38}** Although Davis assaulted his girlfriend, "his act of firing a handgun across the roadway itself violated the statute [R.C. 2923.162(A)(3)], placed numerous people at risk, and harmed the public at large." *Williams* at ¶ 24. Conversely, his assault on his girlfriend required harm to a particular victim and differed in the significance and the nature of the harm it caused. *See id.* Under these circumstances, we cannot say that the trial court erred in denying Davis's request to merge the two offenses. Accordingly, Davis's third assignment of error is overruled.

### III.    Conclusion

**{¶ 39}** Having overruled Davis's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and TUCKER, J., concur.