[Cite as *State v. Boyer*, 2026-Ohio-2425.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-69 |
| Appellee | : | |
| | : | Trial Court Case Nos. 24-CR-0337; 24-CR-0690; 24-CR-0931 |
| v. | : | |
| | : | |
| BRAYDEN BOYER | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 26, 2026, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and HANSEMAN, J., concur.

OPINION

CHIMA R. EKEH, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

HUFFMAN, J.

{¶ 1} After reaching a plea agreement resolving multiple felony cases, Brayden Boyer pleaded guilty in the Clark County Court of Common Pleas to domestic violence in Clark C.P. No. 24-CR-0337, complicity to aggravated burglary in Clark C.P. No. 24-CR-690, and discharge of a firearm on or near prohibited premises and felonious assault, plus firearm specifications, in Clark C.P. No. 24-CR-0931. The trial court imposed an agreed sentence for each offense and ordered the sentences in Clark C.P. No. 24-CR-0931 to be served consecutively, as also agreed. Boyer received a total sentence of 20 to 23 years in prison.

{¶ 2} Boyer appeals from his convictions, claiming that his sentences are contrary to law. For the following reasons, the trial court's judgments are affirmed.

**I. Facts and Procedural History**

{¶ 3} In 2024, Boyer engaged in a series of criminal acts, resulting in four felony cases. On March 27, he hit and choked his pregnant girlfriend, which led to two counts of strangulation and one count of domestic violence in Clark C.P. No. 24-CR-0337.

{¶ 4} On June 22, Boyer possessed and shot a firearm while under disability. Ten days later, he drove three individuals to a residence on Rice Street, knowing that they possessed firearms and intended to commit aggravated robbery. For these two events, Boyer was indicted on complicity to aggravated burglary with a three-year firearm specification and having weapons while under disability. Clark C.P. No. 24-CR-0690.

{¶ 5} In Clark C.P. No. 24-CR-0768, Boyer was indicted on carrying a concealed weapon, improper handling of firearms in a motor vehicle, and having weapons while under disability for conduct that occurred on October 4.

{¶ 6} Finally, on December 13, Boyer participated in a drive-by shooting at a residence, during which one of the bullets struck a child while she was lying in her bed inside the home. Boyer was subsequently indicted on having weapons while under disability (Counts 1 and 6), carrying a concealed weapon (Counts 2 and 4), improper handling of firearms in a motor vehicle (Counts 3 and 5), discharge of a firearm on or near prohibited premises (Count 7), discharge of a firearm at or into a habilitation (Counts 8 and 9), and felonious assault (Counts 10-16). Count 7 included a three-year firearm specification and Counts 8 through 16 included both three-year and five-year firearm specifications. Clark C.P. No. 24-CR-0931.

{¶ 7} Ultimately, the State and Boyer reached a plea agreement that encompassed all four cases. Boyer agreed to plead guilty to the following charges and specifications,[1] and the parties agreed to the following sentences:

| Case No. | Count | Offense | Firearm Spec. | Level | Agreed Sentence |
|----------|-------|---------|---------------|-------|-----------------|
| 24-CR-337 | 3 | Domestic violence (amended) | None | M1 | 180 days |
| 24-CR-690 | 1 | Complicity to aggravated burglary | None | F1 | 5 to 7.5 years |
| 24-CR-931 | 7 | Discharge of a firearm on or near prohibited premises | 3-year | F1 | 6 to 9, plus 3 years for spec. |
| 24-CR-931 | 10 | Felonious assault | 3-year; 5-year | F2 | 3 to 4.5 years, plus 8 for specs. |

1. The plea form and the prosecutor's articulation of the plea agreement at the plea hearing both indicated that Boyer agreed to three-year firearm specifications for Counts 7 and 10. However, the plea form cited to R.C. 2941.141, which addresses one-year and 18-month firearm specifications based on possession of a firearm or having a firearm under the offender's control while committing the offense. We infer that the references to R.C. 2941.141, rather than R.C. 2941.145, were typographical errors.

The sentences for Clark C.P. No. 24-CR-0931 would be served consecutively to one another but concurrently with the remaining counts, for an aggregate sentence of 20 to 23 years in prison. Boyer also agreed to provide truthful testimony against another individual who was involved in the aggravated burglary in that person's pending criminal cases. In exchange for the pleas, the State agreed to dismiss the remaining charges and specifications, including Clark C.P. No. 24-CR-0768 in its entirety.

{¶ 8} At Boyer's plea hearing, the trial court accepted Boyer's guilty pleas and indicated that it would follow the parties' joint sentencing recommendation if he fulfilled his obligation to testify truthfully. The trial court sentenced Boyer on August 19, 2025, after he testified as required, and it imposed the agreed individual sentences and aggregate sentence. The court subsequently filed written judgments consistent with its oral pronouncements.

{¶ 9} Boyer appeals from his convictions, claiming that his sentences are contrary to law. He contends that (1) the trial court failed to comply with the requirement that it consider the purposes and principles of felony sentencing, as set forth in R.C. 2929.11, and the sentencing factors in R.C. 2929.12, and (2) the trial court should have merged the offenses of discharge of a firearm on or near prohibited premises and felonious assault as allied offenses of similar import. We address these arguments in reverse order. Before doing so, we consider Boyer's contention that his sentences are appealable.

{¶ 10} As an initial matter, neither of Boyer's arguments is relevant to his misdemeanor sentence in Clark C.P. No. 24-CR-0337. Accordingly, his conviction in that case is summarily affirmed.

## II. Appealability of Boyer's Sentences

{¶ 11} Boyer acknowledges that agreed sentences are generally not reviewable on appeal and that the trial court imposed the parties' agreed sentences in his case. He asserts that he may nevertheless appeal his sentences because the trial court's sentences were not "authorized by law." We question whether Boyer's sentences are appealable.

{¶ 12} "A defendant's right to appeal a sentence is generally derived from R.C. 2953.08." *State v. Brabson*, 2023-Ohio-449, ¶ 6 (8th Dist.). Under that statute, a sentence is not subject to review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1); *see State v. Grevious*, 2022-Ohio-4361, ¶ 32. The Ohio Supreme Court has held that "a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 2010-Ohio-1, ¶ 19.

{¶ 13} Although a trial court must merge allied offenses at sentencing, nothing precludes the State and a defendant from stipulating in the plea agreement that offenses are not allied offenses of similar import. *Underwood* at ¶ 27, 29. While Boyer did not expressly stipulate that Counts 7 and 10 were not allied offenses of similar import, such a stipulation appears to be implicit in the plea terms. *Accord State v. Conner*, 2023-Ohio-1220, ¶ 36 (8th Dist.) (an express stipulation is not the exclusive means by which a defendant may waive the protection of R.C. 2941.25). Boyer agreed to specific sentences for Counts 7 and 10, that Counts 7 and 10 would be served consecutively to each other, and that the aggregate sentence for his offenses would be 20 to 23 years in prison. These terms necessitated that Counts 7 and 10 not be merged as allied offenses of similar import.

{¶ 14} As to Boyer's argument regarding R.C. 2929.11 and 2929.12, those statutes provide guidelines for the trial court's exercise of its discretion in determining an appropriate sentence for an offender. By presenting the trial court with an agreed sentence, the parties necessarily conceded that the proposed sentence is an appropriate resolution to the charges under R.C. 2929.11 and 2929.12. *See Grevious* at ¶ 32. "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 2005-Ohio-3095, ¶ 25. "[A]ppellate review under R.C. 2953.08 is unnecessary because the parties have agreed that the sentence is appropriate and the trial court accordingly has elected not to exercise its broad discretion in determining the sentence." *Grevious* at ¶ 32.

{¶ 15} Boyer claims that consideration of R.C. 2929.11 and 2929.12 are mandatory sentencing requirements, and thus he can appeal the court's failure to consider those statutory factors in accordance with *Underwood*. However, *Underwood* stated that its holding did "not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." *Underwood*, 2010-Ohio-1, at ¶ 22. We have rejected a similar argument regarding R.C. 2929.19(B)(1)(b), which requires a trial court to consider a juvenile offender's youth and its characteristics as mitigating factors at sentencing. *State v. Moore*, 2024-Ohio-5839 (2d Dist.).

**{¶ 16}** While we have concerns about whether Boyer may appeal his sentences, the State does not argue that R.C. 2953.08(D)(1) precludes Boyer's appeal. Instead, it has chosen to address only the merits of Boyer's assignment of error. When the State fails to raise a defendant's appeal waiver to the court of appeals, that argument is forfeited. *State v. Gwynne*, 2019-Ohio-4761, ¶ 2, 11-12. Accordingly, we now turn to Boyer's arguments.

### III. Allied Offenses of Similar Import

**{¶ 17}** Boyer claims that his sentences for discharge of a firearm on or near prohibited premises (Count 7) and felonious assault (Count 10) in Clark C.P. No. 24-CR-0931 are contrary to law because the trial court should have merged the offenses as allied offenses of similar import.

**{¶ 18}** The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for the same criminal conduct. *State v. Ruff*, 2015-Ohio-995, ¶ 10. "A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses." *State v. Whitfield*, 2010-Ohio-2, ¶ 17. When a defendant's conduct supports multiple offenses, courts conduct an allied offenses analysis to determine if the charges merge or if the defendant may be convicted of separate crimes. This process is governed by R.C. 2941.25, which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to

7

each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

"At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff* at ¶ 26.

{¶ 19} "In determining whether offenses are allied and should be merged for sentencing, courts are instructed to consider three distinct factors: the conduct, the animus, and the import." *State v. Hess*, 2023-Ohio-3658, ¶ 9 (2d Dist.), citing *Ruff* at paragraph one of the syllabus. "Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if any of the following are true: '(1) the conduct constitutes offenses of dissimilar import; (2) the conduct shows that the offenses were committed separately; or (3) the conduct shows that the offenses were committed with separate animus.'" *Id.*, quoting *Ruff* at paragraph three of the syllabus and ¶ 25. "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23; *see also State v. Williams*, 2018-Ohio-1647, ¶ 23 (2d Dist.).

{¶ 20} "The defendant bears the burden of establishing that offenses should be merged as allied offenses." *State v. Frazier*, 2021-Ohio-4155, ¶ 20 (2d Dist.). An appellate court reviews the trial court's merger determination de novo. *State v. Bailey*, 2022-Ohio-4407, ¶ 6. However, failure to raise the issue of merger in the trial court forfeits all but plain error, and the error is not reversible unless it affects the outcome of the proceeding and reversal is necessary to correct a manifest injustice. *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Because Boyer did not object to the trial court's failure to merge Counts 7 and 10 in the trial court, the plain error standard applies here.

8

{¶ 21} Under the doctrine of plain error, "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Bailey* at ¶ 8. To establish plain error, Boyer must demonstrate that "an error occurred, that the error was obvious, and that there is a reasonable probability that the error resulted in prejudice, meaning that the error affected the outcome of the trial." *State v. Echols*, 2024-Ohio-5088, ¶ 50. A trial court's failure to merge offenses "does not automatically constitute plain error." *Hess* at ¶ 11, citing *Bailey*.

{¶ 22} In this case, Boyer was charged in Count 7 with discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), which prohibits discharging a firearm upon or over a public road or highway. Count 10, felonious assault, alleged that Boyer caused or attempted to cause physical harm to another by means of a deadly weapon, in violation of R.C. 2903.11(A)(2). Both offenses were based on Boyer's shooting a firearm from his vehicle toward a residence. Several people were in a vehicle in front of the house at the time, and a child inside the home was struck in the arm. Count 7 was elevated to a felony of the first degree because Boyer caused serious physical harm to a person. R.C. 2903.162(C)(4).

{¶ 23} Initially, we agree that Boyer committed the offenses of felonious assault and discharging a firearm on or near prohibited premises with the same conduct and the same animus. However, Boyer was not entitled to merger of the two offenses because his conduct constituted offenses of dissimilar import.

{¶ 24} We have repeatedly recognized that the victim of the offense of discharge of a firearm upon or over a public road or highway is the public. *E.g.*, *Williams*, 2018-Ohio-1647, at ¶ 24 (2d Dist.); *State v. Davis*, 2025-Ohio-1676, ¶ 37 (2d Dist.). Adopting the reasoning in *State v. James*, 2015-Ohio-4987, ¶ 33 (8th Dist.), we recognized that

9

R.C. 2923.162(A)(3) is intended to benefit the public good and that the statute prohibits the act of discharging a firearm upon or over a roadway or highway itself. *Williams* at ¶ 24. "The offense can be completed with no one remotely near the location where the firearm is discharged upon or over the public road or highway." *Id.*, quoting *James* at ¶ 33. In contrast, felonious assault under R.C. 2903.11(A)(2) requires physical harm or an attempt to cause physical harm to a particular person. The two offenses thus differ in their significance and in the nature of the harm that they address. *Davis* at ¶ 38.

{¶ 25} Boyer argues that the two offenses are of similar import in this case because the harm caused by the felonious assault was the same as the harm in the aggravating element of discharge of a firearm on or near prohibited premises. In *Williams*, we acknowledged that the defendant's act of shooting and killing the victim elevated the degree of the offense of discharge of a firearm on or near prohibited premises to a first-degree felony. *Williams* at ¶ 24, fn. 4. But we concluded that it had no effect on the merger analysis, stating, "The fact remains, however, that the act of discharging a firearm over a public road or highway itself constituted a violation of the statute." *Id.* We have followed *Williams* on several occasions. *See State v. Davison*, 2021-Ohio-728, ¶ 33-34 (2d Dist.) (aggravated murder and discharging a firearm on or near prohibited premises were of dissimilar import or significance); *Davis* at ¶ 37-38 (court did not err in failing to merge felonious assault and discharging a firearm on or near prohibited premises).

{¶ 26} Here, Boyer fired shots from his vehicle toward a residence, harming the public at large and placing several people at risk. A child inside the home was hit by a bullet, causing her serious physical harm. The offenses involved separate victims and were of dissimilar import or significance. Accordingly, we find no error, plain or otherwise, in the trial

court's failure to merge felonious assault and discharge of a firearm on or near prohibited premises as allied offenses of similar import in Clark C.P. No. 24-CR-0931.

## IV. Failure to Consider R.C. 2929.11 and 2929.12

{¶ 27} Boyer further claims that his sentences are contrary to law because the trial court did not consider R.C. 2929.11 and 2929.12 at sentencing. The record does not support Boyer's contention.

{¶ 28} R.C. 2929.11(A) requires the trial court to be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve those purposes, the sentencing court must consider the need to incapacitate the offender, deter the offender and others from future crime, rehabilitate the offender, and make restitution to the victim of the offense, the public, or both. *Id*.

{¶ 29} R.C. 2929.12 contains a list of factors to be considered by the trial court when imposing a sentence under R.C. 2929.11, underscoring that a court imposing a sentence on an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing. The factors in R.C. 2929.12(B) through (F) relate to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States. The trial court may also "consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 30} "R.C. 2929.11 and R.C. 2929.12 are not fact-finding statutes and, while the sentencing court must 'consider' the factors, it is not required to make specific findings on

the record regarding its consideration of the factors." *State v. Bryant*, 2024-Ohio-1192, ¶ 33 (2d Dist.). "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.). Moreover, when the record is silent, we presume that the trial court considered the statutory purposes and principles of sentencing and the statutory seriousness and recidivism factors. *State v. Youngblood*, 2025-Ohio-2794, ¶ 17 (2d Dist.); *State v. Goldblum*, 2014-Ohio-5068, ¶ 50 (2d Dist.).

{¶ 31} Boyer acknowledges that we have repeatedly held that a defendant's sentence is not contrary to law when the trial court expressly stated in its sentencing entry that it had considered R.C. 2929.11 and 2929.12, even if it neglected to mention the statutes at the sentencing hearing. *E.g., State v. Seiker*, 2026-Ohio-1073, ¶ 11 (2d Dist.) (citing five prior cases). He further concedes that the judgment entry in each felony case included a statement that the court had "considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

{¶ 32} Boyer nevertheless asks us to conclude that his sentences are contrary to law because the transcript of the sentencing hearing does not substantiate that the court considered the statutory considerations in R.C. 2929.11 and 2929.12. We find no basis to reconsider our long-standing precedent. On the record before us, we cannot conclude that Boyer's felony sentences are contrary to law.

{¶ 33} Boyer's assignment of error is overruled.

### V. Conclusion

{¶ 34} The trial court's judgments are affirmed.

12

. . . . . . . . . . . . .

LEWIS, P.J., and HANSEMAN, J., concur.